UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

WOLFGANG EISERMANN,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, HOYT BRILL, Warden,

Defendant.

Civil No. 00-2015 (RHK/AJB)

**ORDER**

Plaintiff, a prisoner at the Prairie Correctional Facility in Appleton, Minnesota, has filed a pleading entitled "Civil Rights Complaint." Rather than paying the $150 filing fee required by 28 U.S.C. 1914(a), Plaintiff has filed an application seeking leave to proceed in forma pauperis, ("IFP"), (Docket No. 1), which is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the applicable provisions of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which became effective on April 26, 1996. Following the enactment of the PLRA, 28 U.S.C. § 1915(b) now provides that --

> "(1) ... if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> > (A) the average monthly deposits to the prisoner's account; or

FILED SEP 13 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

(Emphasis added.)

Under the PLRA, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes a certified statement pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding six months was $50.00 and his average monthly balance during the same period was $80.52. Because the average monthly

balance amount is greater than the average monthly deposit amount, Plaintiff's initial partial filing fee will be twenty percent (20%) of the average monthly balance amount; i.e., $16.10 ($80.52 x 20% = $16.10). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. Plaintiff has already paid $5.00, (Docket No. 4), so he will have to pay another $11.10 to satisfy the initial partial filing fee requirements. Thereafter, the remaining balance of the $150.00 filing fee will have to be paid in installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within twenty (20) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that if such initial partial filing fee is timely paid, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendant be served by the U.S. Marshal.[1] If the initial partial filing fee is not paid within twenty (20) days,

---

[1] Although the complaint in this case has not yet been thoroughly examined, a cursory inspection of Plaintiff's pleading suggests that it may not survive initial screening because of several serious flaws. First, Plaintiff has not adequately identified the constitutional right or other legal principle on which his claims are based. Plaintiff's assertion that he has been "unjustly sanctioned and punished," (Complaint, [Docket No. 2], p. 4), suggests that he may be attempting to bring a due process claim; i.e., that he was deprived of some constitutionally protected liberty interest without due process of law. However, the complaint does not appear to state an actionable due process claim because it does not describe any "atypical and significant hardship... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). See also Moorman v. Thalacker, 83 F.3d 970, 972 (8th Cir. 1996) (under Sandin, prisoner due process rights are implicated only when there have been "deprivations which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic

Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date hereof, Plaintiff shall pay the remaining balance of his initial partial filing fee, i.e., at least $11.10, failing which it will be recommended that the action be dismissed without prejudice.

Dated: September 13th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

---

conditions and ordinary incidents of prison sentences") (emphasis added). Finally, there are no allegations of any specific wrongdoing by the only named Defendant in this lawsuit, Hoyt Brill; in fact, the sole named Defendant is barely mentioned in the complaint. In light of the conspicuous weaknesses of his pleading, Plaintiff may want to consider whether he really wants to commit himself to paying $150, from his apparently limited resources, to pursue this action.