UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

WOLFGANG EISERMANN,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

Defendant.

Civil No. 00-2015 (RHK/AJB)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 1), by which he is seeking leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on August 24, 2000, by filing a self-styled pleading entitled "Civil Rights Complaint." (Docket No. 2.) He did not pay the filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Plaintiff is an inmate at the Prairie Correctional Facility in Appleton, Minnesota. Because he is a prisoner, Plaintiff's IFP application is subject to the

FILED NOV 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $16.10. However, Plaintiff tendered only $5 with his complaint and IFP application. Therefore, by order dated September 13, 2000, (Docket No. 5), Plaintiff was instructed to pay the remaining balance of his initial partial filing fee -- namely the sum of $11.10 – within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

After Plaintiff received the Court's order directing him to pay the balance of his initial partial filing fee, he filed an "Ex Parte Request For Extention [sic] For Filing Fees And Submission Of Revised Complaint," (Docket No. 6), by which he sought (a) an extension of the deadline for satisfying his filing fee obligation, and (b) leave to file an amended complaint. Plaintiff indicated that he would be paid for his prison job on October 8, 2000, and that he would pay his initial partial filing fee immediately thereafter. By order dated September 26, 2000, (Docket No. 7), the Court granted Plaintiff's request for a deadline extension, and directed him to pay the remaining balance of his initial partial filing fee by no later October 30, 2000. The Court also noted that, pursuant to Fed. R. Civ. P. 15(a), Plaintiff did not need leave of Court to file an amended complaint.

The extended deadline, by which Plaintiff was required to pay the balance of his initial partial filing fee, has now passed, and Plaintiff has not tendered the payment

due. Indeed, the Court has received no further communication from Plaintiff since his "Ex Parte Request For Exten[s]ion" was filed on September 25, 2000. Therefore, in accordance with the Court's two prior orders in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket Nos. 1), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 7th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.